



F--ED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 14  PM 1: 53

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VICTOR IKE IWUOHA**                         **CIVIL ACTION**

**versus**                                    **NO. 05-3095**

**MICHAEL CHERTHOFF,**                        **SECTION "C" (1)**
**ALBERTO GONZALEZ, MICHAEL**
**GARCIA, & CRAIG ROBINSON**

## ORDER

Before the Court is Victor Ike Iwuoha's Motion for Preliminary Injunction against his

continued detention pending the outcome of his petition for *habeas corpus*, currently before the

Court.  For the foregoing reasons, the motion is DENIED.

The Court has become quite familiar with Mr. Iwuoha's situation through his numerous

filings over the past year.  A native and citizen of Nigeria, Mr. Iwuoha came to America on a

student visa but was found in violation of his student status in 1987.  An immigration judge

found him deportable and ordered his voluntary departure by December 31, 1988.  Petitioner

failed to do so, and was then ordered to surrender to authorities in Oakdale, Louisiana on January

17, 1989.  He did not.  Fourteen years later, he was found and arrested in Alabama in 2003.  He

petitioned the United States Sixth Circuit for review of his order of deportation, and the Sixth

Circuit issued a stay of his removal.  While his case was pending in the Sixth Circuit, Mr.

Iwuoha brought a petition for *habeas corpus* before this Court, challenging his continued

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No. _____

detention pending removal. This Court denied *habeas corpus* in January of 2005 (04-2544, rec. doc. 19), finding that the removal period, limited by *Zadvydas v. Davis* to a presumptively reasonable period of six months, had yet to begin due to the stay in the Sixth Circuit, thereby leaving the Court with no basis for granting the petition. 533 U.S. 678, 689 (2001). Mr. Iwuoha then filed a petition for *habeas corpus* before the Middle District of Alabama. That court transferred the petition here due to Mr. Iwuoha's detention in Louisiana, upon which time Mr. Iwuoha promptly sought voluntary dismissal, which was granted. (05-1606, rec. doc. 9). Mr. Iwuoha then filed a second petition for *habeas corpus* before this Court on July 21, 2005, and the Court is awaiting a response by the State. Now, Mr. Iwuoha has taken the unusual approach of seeking a preliminary injunction to enjoin his continued detention pending the resolution of his most recent *habeas* petition, which itself seeks to prevent further detention pending the resolution of his removal proceeding. Meanwhile, the Sixth Circuit has confirmed to this Court via an August 15, 2005 telephone conversation that its review of Mr. Iwuoha's removal proceeding was set for hearing on September 20, 2005. Interestingly, the Court has also learned that Mr. Iwuoha has recently filed a motion for preliminary injunction before the Sixth Circuit, which had been set for hearing on the same date.

In the Fifth Circuit, a district court may grant a preliminary injunction only if the movant establishes the following four requirements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and (4) granting the preliminary injunction must not disserve the public interest. *See Harris County, Texas v. Carmax Auto Superstores, Inc.,* 177 F.3d 306, 312 (5th Cir. 1999). "A preliminary injunction is

2

an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *See id.* Thus, the decision is within a district court's discretion and will be reviewed by a court of appeals only for abuse of discretion. *See id.*

Mr. Iwuoha claims that he has succeeded in showing a likelihood of success on the merits by virtue of having been granted a stay by the Sixth Circuit. Whether he has a chance for success on his challenge to his removal proceeding, however, is not the same issue as having a likelihood of success in his *habeas* petition. The reasons set forth in this Court's Order denying Mr. Iwuoha's previous *habeas* petition are still applicable. (04-2544, rec. doc. 19). Namely, the presumptively reasonable six-month removal period has yet to begin, and until it does begin he is held at the discretion of the Attorney General, which is not subject to review. (*Id.* at 4-5). Moreover, Mr. Iwuoha has not presented any evidence to suggest the presence of new circumstances that would require a different outcome. The Court finds that Mr. Iwuoha has not shown a likelihood that his pending petition for *habeas corpus* will succeed on the merits, and therefore a preliminary injunction for continued detention is not warranted.

Accordingly,

**IT IS ORDERED** that Victor Ike Iwuoha's Motion for Preliminary Injunction (rec. doc. 3) is **DENIED**.

Baton Rouge, Louisiana, this ___14___ day of October, 2005.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4